UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
BETHANIA RODRIGUEZ, Individually and
on Behalf of All Other Persons Similarly Situated,

                     Plaintiff,

                -against-                     15-CV-9817 (VEC)(HBP)

NEW YORK FOUNDATION FOR SENIOR        ELECTRONICALLY FILED
CITIZENS HOME ATTENDANT SERVICES, INC.,
LINDA R. HOFFMAN, and JOHN DOES #1-10,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE TO PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION**

      Plaintiff's last ditch effort to challenge the effectiveness and enforceability of the MOA's arbitration agreement is unavailing. Plaintiff has failed to overcome the facts that an arbitration agreement contained within the CBA between the Union and HAS, as amended by the 2015 MOA, requires arbitration on an individual basis of all of Plaintiff's federal and state wage-hour and related claims. Documentary evidence unequivocally establishes that the MOA was signed, ratified by the Union members, approved by the HAS Board of Directors and approved by the New York City Human Resources Administration. (Hoffman Decl. Exs. D, E, F). The broad language of the arbitration agreement imposes no temporal limitation on the scope of the agreement and covers all claims asserted in this action. Accordingly, an order compelling arbitration of Plaintiff's claims on an individual basis and dismissing the action is warranted.

      In connection with her sur-reply, Plaintiff has submitted a declaration claiming that she was "never given any notice" of the MOA or "an opportunity to vote to ratify or reject the

1

MOA." (Pl. Decl. at 3-4). Plaintiff claims further that "[u]pon information and belief, other members of the Union also were not given an opportunity to vote or ratify or reject the MOA." (Pl. Decl. at 5). The Court should reject Plaintiff's declaration in its entirety.[1]

First, while Plaintiff self-servingly contends that she was not given notice or an opportunity to vote on the MOA,[2] she concedes that she is and always has been a member of the Union at all relevant times. (Pl. Decl. at 6). Moreover, it is well-established that the terms of a ratified CBA apply to all employees in the bargaining unit covered by the agreement, even those employees who are not members of the Union and who therefore did not vote to ratify the CBA. *Quesnel v. Prudential Ins. Co.*, 66 F.3d 8, 11 (1st Cir. 1995) ("the fact that [the plaintiff] is not a Union member does not remove him from the bargaining unit for whose benefit the CBA was created"); *Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1157 (10th Cir. 1991) ("Union membership ... is irrelevant to the applicability of a collective bargaining agreement. Rather, an individual employed in a craft governed by a collective bargaining agreement is bound by the terms of the agreement regardless of union membership.").

Second, Plaintiff's assertion regarding other Union members is made without any personal knowledge or supporting evidence and is contradicted by the documentary evidence. (*See* Hoffman Decl. Ex. E).[3] Such conclusory, self-serving assertions are insufficient to

---

[1] Neither Plaintiff's request nor the Court's Order contemplated the submission of an after-the-fact sworn statement which she could have submitted as part of her opposition to Defendants' motion.

[2] It is also undermined by the fact that Plaintiff made no such statement in her opposition to Defendants' motion in which Plaintiff initially asserted the argument that the MOA was not ratified by the Union.

[3] In *Walker v. Consolidated Freightways, Inc.*, 930 F.2d 372 (4th Cir. 1991), cited by Plaintiff in her sur-reply, the plaintiffs alleged that the Union violated its duty of fair representation by agreeing to renegotiate the collective bargaining agreement without first seeking approval or ratification from its members. That is not the situation here. As reflected in Plaintiff's pay stub (*see* Second Amended Complaint, Exhibit A, Docket No. 28), Plaintiff did not pay her Union dues and therefore was not in good standing. According to the Union's constitution, Plaintiff was not

overcome Defendants' motion demonstrating the effectiveness and enforceability of the MOA. *See Boata v. Pfizer, Inc.*, 2013 U.S. Dist. LEXIS 15580, *10 (S.D.N.Y. Jan. 31, 2013) (quoting *BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996)); *Klein v. ATP Flight Sch., LLP*, 2014 U.S. Dist. LEXIS 91102, *10 (E.D.N.Y. July 3, 2014).

Finally, Plaintiff fails to point to any authority requiring the Court to apply the MOA prospectively. The plain language of the MOA applies to "***all claims*** … asserting violations of or arising under the Fair Labor Standards Act ("FLSA"), New York Home Care Worker Wage Parity Law, or New York Labor Law." (Hoffman Decl. Ex. D at p. 8, "ADR" sec. 1). As Plaintiff's claims arise under those statutes and accrued while she was both a bargaining unit employee and Union member, she must submit her claims to arbitration on an individual basis.

## CONCLUSION

For the foregoing reasons and all of the reasons set forth in Defendants' main brief and reply brief, the Court should dismiss this action and compel mediation/arbitration of Plaintiff's claims on an individual basis in accordance with the terms of the arbitration agreement.[4]

Dated: New York, New York
June 30, 2016

EPSTEIN BECKER & GREEN, P.C.

By: Kenneth W. DiGia
Jeffrey H. Ruzal
Adriana S. Kosovych
250 Park Avenue
New York, New York 10177

---

entitled to vote on the MOA. *See* http://www.1199seiu.org/ "About 1199SEIU – 1199SEIU Constitution" (*last accessed June 30, 2016*). *Walker* is therefore inapposite.

[4] Plaintiff's request, made for the first time in her sur-reply, that the Court stay the action in lieu of dismissing it should be denied. (*See* Def. Br. at p. 10; Def. Reply Br. at pp. 8-10). Plaintiff sets forth no basis for this request and it is clearly untimely given that this is the first time she has raised this issue.