UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BETHANIA RODRIGUEZ, Individually and
on Behalf of All Other Persons Similarly Situated,

                    Plaintiff,

          -against-

NEW YORK FOUNDATION FOR SENIOR
CITIZENS HOME ATTENDANT SERVICES, INC.,
LINDA R. HOFFMAN, and JOHN DOES #1-10,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

15-CV-9817 (VEC)(HBP)

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

    This Joint Stipulation of Settlement and Release is entered into by and among (i) Bethania Rodriguez on her own behalf and on behalf of any and all of her past, present and future representatives, heirs, administrators, executors, beneficiaries, agents, spouses, children, trustees, conservators, attorneys, successors and assigns of such individuals, as applicable and without limitation (collectively "Plaintiff"), (ii) Linda R. Hoffman, on her own behalf and on behalf of any and all of her past, present and future representatives, heirs, administrators, executors, beneficiaries, agents, spouses, children, trustees, conservators, attorneys, successors and assigns of such individuals, as applicable and without limitation; and (iii) New York Foundation for Senior Citizens Home Attendant Services, Inc. ("HAS" or "Home Attendant Services"), and its past, present and future programs, affiliates and related entities, parent and subsidiary corporations, divisions, shareholders, predecessors, successors, and assigns, and each of its or their past, present and future officers, directors, trustees, fiduciaries, insurers, owners, investors, attorneys, administrators, employees, agents, representatives, shareholders, joint employers, predecessors, successors, and assigns, in their individual and official capacities (Linda Hoffman and all related entities, and HAS and all related entities collectively referred to as "Defendants") (together with Plaintiff, the "Parties") in settlement of a civil proceeding styled *Bethania Rodriguez v. New York Foundation for Senior Citizens Home Attendant Services, Inc., et al.*, pending in the United States District Court, Southern District of New York, Case No. 15-CV-9817 (VEC)(HBP) (the "Action").

## RECITALS

    **WHEREAS**, on December 16, 2015, Plaintiff filed a Complaint pursuant to the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") alleging causes of action for, among other things, unpaid wages, overtime compensation, wage parity act wages and wage notice violations during the relevant period of December 16, 2009 to July 14, 2016;

**WHEREAS**, on March 18, 2016 Defendants moved to compel mediation and arbitration on an individual basis and to dismiss the Complaint;

**WHEREAS**, on July 14, 2016, the Court granted Defendants' motion to compel mediation and arbitration of Plaintiff's claims on an individual basis;

**WHEREAS**, Plaintiff and Defendants engaged in a limited exchange of documents regarding Plaintiff's hours of work and compensation and engaged in settlement discussions;

**WHEREAS**, on August 8, 2016, Plaintiff and Defendants reached an agreement on the monetary terms of a settlement;

**WHEREAS**, based upon their analysis of a number of factors, including the risk of arbitration, Plaintiff and Defendants are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate;

**WHEREAS**, without acknowledging or conceding any liability or damages whatsoever, and without admitting that any pay (including unpaid wages, or overtime pay) or wage notices were not properly made or given, Defendants agreed to this settlement on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of arbitration.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Action on the following terms and conditions:

1.    Contemporaneous with Plaintiff's execution of this Agreement, Plaintiff's counsel will execute a Stipulation of Dismissal with Prejudice (the "Stipulation"), attached as Exhibit A, dismissing with prejudice the Action.  Upon receipt of the fully-executed Agreement and Stipulation, counsel for Defendants shall file the fully-executed Agreement and Stipulation with the Court, along with the Parties' joint letter motion for approval of this Agreement and Stipulation.

2.    It is understood and agreed that this Agreement and the settlement it represents is intended solely for the purpose stated herein and entered into solely for the purpose of avoiding further expenses of arbitration and litigation.  This Agreement and the settlement it represents may not be cited as and does not constitute and shall not be construed to be an admission by Defendants of any violation of any federal, state or local law, or of any duty whatsoever, whether based in statute, common law, or otherwise, and Defendants expressly deny that any such purported violation has occurred as to Plaintiff or any other individual.

3.    In consideration of the representations, warranties, covenants and releases contained herein, HAS shall provide the following to Plaintiff:

a.    One check in the amount of $1,610.00, less applicable deductions, taxes and withholdings.  This amount represents compensation for alleged unpaid wages and will be reported on an IRS Form W-2.

    b.  One check in the amount of $2,455.00, with no deductions, taxes and withholdings, and will be reported on an IRS Form 1099 to Plaintiff.  This amount represents compensation for alleged liquidated damages and any applicable penalties and interest.

    c.  One check in the amount of $3,000.00, with no deductions, taxes and withholdings, and will be reported on an IRS Form 1099 to Plaintiff.  This amount represents compensation in exchange for a general release of claims.

    d.  One check in the amount of $13,965.00 ($12,000.00 attributable to fees, $465.00 attributable to expenses and $1,500.00 attributable to fees in connection with Plaintiff's general release of claims) as reimbursement for Plaintiff's attorneys' fees, costs and disbursements.  This amount will be reported on Forms 1099 to Plaintiff's counsel, The Law Offices of William Coudert Rand.

Provided that (i) Plaintiff has complied with Section 9 of the Parties' Stipulation Governing the Production and Exchange of Confidential Material for Purposes of Settlement Discussions; (ii) Plaintiff does not revoke this Agreement as set forth herein; and (iii) this Agreement (and the Stipulation) are both approved by the Court, these checks shall be delivered to William Coudert Rand, Esq., 501 Fifth Ave., 15th Floor, New York, NY 10017 within 15 days of the Court's approval of this Agreement and So Ordering of the Stipulation.  In the event the Court declines to approve the mutual general release contained in paragraph 6, HAS shall not pay, and Plaintiff and her counsel shall not receive, the $3,000.00 payment set forth in paragraph 3(c) and the $1,500.00 payment set forth in paragraph 3(d) attributable to compensation and fees for the general release. In the event, the settlement payments are not paid in a timely manner and such failure to pay is not cured within 5 days of notice to Defendants' counsel, Defendants agree to pay to Plaintiff the costs including reasonable attorneys' fees related to her efforts to enforce the settlement agreement. Plaintiff's counsel is agreed to be a third party beneficiary of this Agreement.

    4.  Plaintiff agrees that she has not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement, but is relying on her own judgment and advice of her own counsel in this matter.  Plaintiff acknowledges that Defendants must report to the Internal Revenue Service (the "IRS") (as well as state and local taxing authorities where applicable) all payments made pursuant to this Agreement, and that all such payments will be reported via IRS Forms W-2 and 1099 as set forth in this Agreement.  Plaintiff expressly acknowledges and warrants that she is, and shall be, responsible for all federal, state, and local tax liabilities which are attributable to her that may result from payments under this Agreement, and that Plaintiff hereby warrants that Defendants shall bear no responsibility for any such tax liabilities except for the employers' payroll tax contributions for wages for which Defendants may be liable.  Plaintiff further agrees to indemnify and hold Defendants harmless to the full extent of any such liabilities, payments, or costs, including taxes, interest, penalties, and attorneys' fees (except such liabilities, payments or costs relating to the employers' payroll tax contributions for wages) which may be assessed against or incurred by Defendants solely as a result of Plaintiff's failure to pay taxes owed by Plaintiff in connection with any payment made to or on behalf of Plaintiff hereunder.  Plaintiff agrees that should any tax liability arise or accrue to Plaintiff under local, state or federal tax law

as a result of any payments made under this Agreement, Plaintiff will pay any and all such finally determined obligations without seeking indemnity or reimbursement from Defendants.

5.      The payments provided in paragraph 3 shall constitute the entirety of all payments and monetary benefits that shall be provided or payable to Plaintiff, including attorneys' fees, if any, and disbursements. This payment is intended by mutual agreement of the Parties to be in full settlement of all of Plaintiff's claims against Defendants, including, but not limited to, attorneys' fees, costs and disbursements. Plaintiff also acknowledges and agrees that she shall not claim to be, and shall not be deemed to be, a "prevailing party" as that term is used in any statute providing for the award of attorneys' fees and costs with respect to the Action, or any other claim, cause, proceeding, or action she currently has or may have had (whether known or unknown, asserted or un-asserted) against Defendants.

6.      (a) In consideration of the payments described in paragraph 3 and for other good and valuable consideration, Plaintiff hereby releases and forever discharges Defendants from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which Plaintiff ever had, now has, or which may arise in the future, regarding any matter arising on or before the date of Plaintiff's execution of this Agreement, including but not limited to all claims (whether known or unknown) by Plaintiff or on Plaintiff's behalf regarding her employment with or termination of employment from Defendants; any contract (express or implied); any claim for equitable relief or recovery of punitive, compensatory, or other damages or monies (including claims as to taxes); attorneys' fees; any tort; any claims for the nonpayment or inaccurate payment of minimum and overtime wages, spread-of-hours pay, wage parity pay, all other wage and hour claims, wage notice claims, wage statement claims, and claims for any other payments, benefits, or form of notice, remuneration or compensation under any state or local wage and hour law, including but not limited to, any and all claims under the NYLL, as amended, including but not limited to Articles 6 and 19, § 190 *et seq.* and § 650 *et seq.*, and any and all regulations issued thereunder, including the Minimum Wage Order for miscellaneous industries and occupations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, all as amended, the New York Home Care Worker Wage Parity Law, and the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et. seq.,* and any and all regulations issued thereunder, as amended; all claims for alleged violation of or discrimination based upon age, race, color, sex, sexual orientation, marital status, religion, national origin, handicap, disability, military or veteran status, genetic information or retaliation, including any claim, asserted or un-asserted, which could arise under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Americans With Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967 ("ADEA"), the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Genetic Information Nondiscrimination Act of 2008, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, the Civil Rights Act of 1991, the Worker Adjustment and Retraining Notification ("WARN") Act of 1988, the New York State WARN Act, the New York State Human Rights Law, the New York City Human Rights Law, the New York City Earned Sick Time Act, and any other federal, state or local laws, rules or regulations, whether equal employment opportunity laws, rules or regulations or otherwise; or any right under any of Defendants' pension, welfare or stock plan(s). Plaintiff agrees that she shall not institute, nor accept any other relief from, any other suit, class or collective action, administrative claim or other claim of any sort or nature whatsoever against

Defendants, relating to the claims being released herein. This Agreement may not be cited as, and does not constitute any admission by Defendants of any violation of any such law or legal obligation.

(b) In consideration of the general release provided by this Agreement, and for other good and valuable consideration, New York Foundation for Senior Citizens Home Attendant Services, Inc., including its current and former parents, subsidiaries and affiliates, hereby releases and forever discharges Plaintiff from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, actions, causes of action, judgments, damages, expenses, claims or demands, in law or in equity, which they ever had, now have, or which may arise in the future, regarding any matter arising on or before the date of Plaintiff's execution of this Agreement, including but not limited to all claims (whether known or unknown) relating to Plaintiff's employment with or termination of employment.

7.     Nothing in this Agreement shall prohibit or restrict Plaintiff (and her attorneys) from testifying, assisting, or participating in any manner in an investigation, hearing or proceeding; responding to any inquiry; making a protected disclosure to, or otherwise communicating with, any administrative or regulatory (including any self-regulatory) agency or authority, including, but not limited to, the Equal Employment Opportunity Commission and/or the National Labor Relations Board.

8.     Plaintiff represents, warrants and acknowledges that Defendants owe Plaintiff no wages, overtime wages, bonuses, sick pay, personal leave pay, severance pay, vacation pay or other compensation or benefits or payments or form of remuneration of any kind or nature, other than that specifically provided for in this Agreement.

9.     This Agreement constitutes the entire agreement between the Parties, and supersedes and cancels all prior and contemporaneous written and oral agreements, if any, between the Parties in connection with the Action and Plaintiff's claims and allegations asserted therein, except for HAS' confidentiality policies and procedures governing the confidentiality of information concerning HAS' business and clients, which remain in full force and effect. Plaintiff affirms that, by entering into this Agreement, she is not relying upon any oral or written promise or statement made by anyone at any time on behalf of Defendants.

10.     This Agreement is binding upon Plaintiff and her successors, assigns, heirs, executors, administrators and legal representatives.

11.     If any of the provisions, terms or clauses of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, those provisions, terms and clauses shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon both parties.

12.     Defendants may deduct or withhold from any compensation any applicable federal, state or local tax or employment withholdings or deductions resulting from any payments or benefits provided under this Agreement. In addition, it is Defendants' intention that all payments or benefits provided under this Agreement comply with Section 409A of the Internal Revenue Code of 1986, as amended (the "Code"). If under this Agreement an amount is

to be paid in installments, each installment shall be treated as a separate payment for purposes of Treasury Regulation Section 1.409A-2(b)(2)(iii). Notwithstanding anything to the contrary herein, Defendants do not guarantee the tax treatment of any payments or benefits under this Agreement, including without limitation under the Code, federal, state, local or foreign tax laws and regulations.

13.     Without detracting in any respect from any other provision of this Agreement:

a.     Plaintiff, in consideration of the payments provided to her as described in paragraph 3 of this Agreement, agrees and acknowledges that this Agreement constitutes a knowing and voluntary waiver of all rights or claims she has or may have against Defendants as set forth herein, including, but not limited to, all rights or claims arising under ADEA, including, but not limited to, all claims of age discrimination in employment and all claims of retaliation in violation of the ADEA; and Plaintiff has no physical or mental impairment of any kind that has interfered with her ability to read and understand the meaning of this Agreement or its terms, and that Plaintiff is not acting under the influence of any medication or mind-altering chemical of any type in entering into this Agreement.

b.     Plaintiff understands that, by entering into this Agreement, she does not waive rights or claims that may arise after the date of her execution of this Agreement, including without limitation any rights or claims that she may have to secure enforcement of the terms and conditions of this Agreement.

c.     Plaintiff agrees and acknowledges that the consideration provided to Plaintiff under this Agreement is in addition to anything of value to which she is already entitled.

d.     Defendants hereby advise Plaintiff to consult with an attorney prior to executing this Agreement, and Plaintiff has consulted with the attorney of her choosing, William Coudert Rand, Esq.

e.     Plaintiff acknowledges that she was informed that she had at least twenty-one (21) days in which to review and consider this Agreement and to consult with an attorney regarding the terms and effect of this Agreement.

f.     Nothing in this Agreement shall prevent Plaintiff (or her attorneys) from (i) commencing an action or proceeding to enforce this Agreement or (ii) exercising Plaintiff's rights under the Older Workers Benefit Protection Act of 1990 to challenge the validity of his waiver of ADEA claims set forth in paragraph 6(a) of this Agreement.

14.     Plaintiff may revoke this Agreement within seven (7) days from the date she signs this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Plaintiff or Defendants.  Any revocation must be in writing and received by Defendants before the end of the seventh day after this Agreement is executed by Plaintiff. Such revocation must be sent to Defendant's counsel, c/o Kenneth DiGia, Esq., Epstein Becker & Green, P.C., 250 Park Avenue, New York, NY 10177.

15.     This Agreement has been reached by mutual and purely voluntary agreement of the Parties, and the Parties by their respective signatures indicate their full agreement with, and understanding of, its terms. Plaintiff affirms that she has no physical or mental impairment of

any kind that has interfered with her ability to read and understand the meaning of this Agreement or its terms. Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement, that she has freely, knowingly, and voluntarily decided to accept the terms of this Agreement, and that this Agreement is a binding legal document.

16.     This Agreement may not be changed or altered, except by a writing signed by the Parties. This Agreement is entered into in the State of New York, and the laws of the State of New York will apply to any dispute concerning it, excluding the conflict-of-law principles thereof. Furthermore, any action regarding this Agreement or its enforcement shall be subject to the exclusive jurisdiction of the courts of New York County, New York.

Date: _NOV 7, 2016_     _____
Bethania Rodriguez

NEW YORK FOUNDATION FOR SENIOR
CITIZENS HOME ATTENDANT SERVICES,
INC.

Date: _____     By: _____
Name:
Title:

Date: _____     _____
Linda R. Hoffman

Page 7

any kind that has interfered with her ability to read and understand the meaning of this Agreement or its terms. Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement, that she has freely, knowingly, and voluntarily decided to accept the terms of this Agreement, and that this Agreement is a binding legal document.

16.     This Agreement may not be changed or altered, except by a writing signed by the Parties. This Agreement is entered into in the State of New York, and the laws of the State of New York will apply to any dispute concerning it, excluding the conflict-of-law principles thereof. Furthermore, any action regarding this Agreement or its enforcement shall be subject to the exclusive jurisdiction of the courts of New York County, New York.

Date: _____

_____
Bethania Rodriguez

NEW YORK FOUNDATION FOR SENIOR CITIZENS HOME ATTENDANT SERVICES, INC.

Date: __11/7/16__

By: _____
Name: Linda Hoffman
Title: President

Date: __11/7/16__

_____
Linda R. Hoffman

Page 8

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BETHANIA RODRIGUEZ, Individually and :
on Behalf of All Other Persons Similarly Situated, :

     Plaintiff, :

   -against- :  15-CV-9817 (VEC)(HBP)

     :

NEW YORK FOUNDATION FOR SENIOR :  ELECTRONICALLY FILED
CITIZENS HOME ATTENDANT SERVICES, INC., :
LINDA R. HOFFMAN, and JOHN DOES #1-10, :

     :

     Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   IT IS HEREBY STIPULATED, AGREED, AND UNDERSTOOD that: (1) this action is

dismissed and discontinued in its entirety with prejudice pursuant to Fed. R. Civ. P. 41(a)(2); and

(2) each party shall bear his, her or its own costs, attorneys' fees, and disbursements.

New York, New York
October _____, 2016

LAW OFFICES OF WILLIAM COUDERT RAND  EPSTEIN BECKER & GREEN, P.C.

By: _____  By: _____
  William Coudert Rand        Kenneth DiGia
  501 Fifth Avenue, 15th Floor      250 Park Avenue
  New York, New York 10017      New York, New York 10177
  (212) 286-1425        (212) 351-4500
  *Attorney for Plaintiffs*       *Attorney for Defendants*
                *New York Foundation for Senior*
                *Citizens Home Attendant Services,*
                *Inc. and Linda Hoffman*

**So Ordered:**

_____
Honorable Valerie E. Caproni
United States District Judge

FIRM:35498043